IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JENNIFER GRISSOM,

      Plaintiff,           CIVIL ACTION NO.    3:22cv291

      v.

DENTAL ASSISTANT JONES, in her individual capacity

    SERVE:      Dental Assistant Jones
                     Virginia Correctional Center for Women
                     2841 River Road W.
                     Goochland, VA 23063

DENTAL ASSISTANT R. SOBRITO, in her individual capacity

    SERVE:      Dental Assistant R. Sobrito
                     Virginia Correctional Center for Women
                     2841 River Road W.
                     Goochland, VA 23063

CHARLES R . UTLEY, DDS, in his individual capacity

    SERVE:      Charles R. Utley, DDS
                     Virginia Correctional Center for Women
                     2841 River Road W.
                     Goochland, VA 23063

BAKER, DDS, in her individual capacity

    SERVE:      Baker, DDS
                     Virginia Correctional Center for Women
                     2841 River Road W.
                     Goochland, VA 23063

**J. MAYER, RN, in her individual capacity**

    SERVE:    J. Mayer, RN
                        Virginia Correctional Center for Women
                        2841 River Road W.
                        Goochland, VA 23063

**FORD, RN, in her individual capacity**

    SERVE:    Ford, RN
                        Virginia Correctional Center for Women
                        2841 River Road W.
                        Goochland, VA 23063

**C. CRUMP, Institutional Ombudsman**

    SERVE:    C. Crump
                        Virginia Correctional Center for Women
                        2841 River Road W.
                        Goochland, VA 23063

                        **Defendants.**

## COMPLAINT

COMES NOW the plaintiff, Jennifer Grissom ("Grissom" or "Plaintiff"), by counsel, and alleges as follows against the defendants Dental Assistant Jones, Dental Assistant R. Sobrito, Charles R. Utley, DDS, Baker, DDS, Mayer, RN, Ford, RN, and C. Crump.

### JURISDICTION AND VENUE

1. This action arises under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, the Civil Rights Act of 1964, and 42 U.S.C. § 1983.

2. This Court has jurisdiction over this cause under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. This action arose out of events occurring in

Goochland, Virginia, venue is appropriate in this Court, as per 28 U.S.C. § 1391(b) and EDVA Local Rule 3(c).

## THE PARTIES

3. Plaintiff is a natural citizen residing in Virginia who was an involuntarily committed prisoner at Virginia Correctional Center for Women ("VCCW") in Goochland, Virginia, from November 15, 2017, to May 25, 2021. All claims herein are based on Plaintiff's treatment at VCCW between approximately January 1, 2019 and May 5, 2021.

4. All defendants are natural citizens and residents of the Commonwealth of Virginia and were at the time of the events alleged herein employees of the Commonwealth of Virginia acting within their scope of employment and under color of state law. All defendants are being sued in their individual capacities for failure to provide Plaintiff with a permanent filling for her No. 2 tooth and failure to provide other associated dental services, proximately causing that tooth (a) to be severely painful for over a year, (b) to progressively fracture and disintegrate over a year, (c) to develop an abscess and an infection, and (d) to require extraction on February 4, 2021, leaving a hole through-and-through her gum allowing food and liquid normally ingested through the mouth to migrate from her mouth to her sinus, to nasal cavities, and then spill out through her nose.

5. While Plaintiff was incarcerated at VCCW:

    (a) Defendant Jones was employed by the Commonwealth of Virginia at VCCW as a Dental Assistant responsible for Plaintiff's dental care;

    (b) Defendant R. Sobrito was employed by the Commonwealth of Virginia at VCCW as a Dental Assistant responsible for Plaintiff's dental care;

  (c) Defendant C.R. Utley, DDS, was employed by the Commonwealth of Virginia at VCCW as the Dentist responsible for Plaintiff's dental care;

  (d) Defendant Baker was employed by the Commonwealth of Virginia at VCCW as the dentist in charge of Plaintiff's dental care;

  (e) Defendant Mayer was employed by the Commonwealth of Virginia at VCCW as a Registered Nurse responsible for Plaintiff's care; and

  (f) Defendant Ford was employed by the Commonwealth of Virginia at VCCW as a Registered Nurse responsible for Plaintiff's dental care.

  (g) Defendant C. Crump was employed by the Commonwealth of Virginia at VCCW as an Institutional Ombudsman responsible for responding to prisoner's complaints *inter alia* about deliberate indifference to medical needs.

## FACTS

6. From May 8, 2018, to approximately March 25, 2021, Defendant dentists Utley and Baker were in charge of dental care of all inmates, including Plaintiff, at VCCW, and the defendants Dental Assistant Jones, Dental Assistant Sobrito, and Nurse Mayer were employed in the VCCW medical unit charged with responsibility to provide dental care for Plaintiff.

7 Between approximately January 11, 2019, and late February 2021, Grissom communicated at least 25 written and many more verbal requests to Defendants requesting that a cavity in her No. 2 tooth be permanently filled. Her requests were uniformly dodged, deferred and denied for extended periods, and the tooth was never permanently filled. Consequently, the No. 2 tooth deteriorated progressively until it became "hopeless[ly]" compromised and had to be extracted and on February 4, 2021, by an outside oral surgeon, after having developed an

abscess and infection, thereafter exacerbated by Defendants Mayer's, Jones' and Crump's refusal to provide the Penicillin Plaintiff had been prescribed.[1]  More specifically:

(a) In approximately **January of 2019**, Plaintiff requested dental care for pain in her No. 2 tooth. Treatment was delayed until September 12, 2019, nine months later. *Infra*, para. 7(e).

(b) Again on **June 29, 2019,** Plaintiff complained to Defendant Jones that requests for treatment for the No. 2 tooth had been pending without response for approximately seven months and that the tooth had started chipping.  On July 8, 2019, rather than responding substantively to Plaintiff's June 29, 2019 complaint, Defendant Jones replied, on information and belief, falsely, "you are on the schedule,"[2] evincing deliberate indifference to Plaintiff's serious medical condition.

(c) On **July 12, 2019**, Plaintiff complained to Defendant R. Sobrito that she needed her No. 2 tooth fixed because a filling had "chipped out" causing extreme pain from her jaw to her ear.  On July 15, 2019, rather than give a substantive response, Defendant Jones responded, on information and belief, falsely, "you are on the schedule,"[3]  evincing deliberate indifference to Plaintiff's serious medical condition.

(d) On **July 15, 2019**, Plaintiff complained to Defendant Nurse R. Sobrito that she needed to be seen ASAP and that she had a cracked and chipped filling causing pain from her jaw to her ear.  Plaintiff was seen the following day and an x-ray was taken of tooth No. 2 but no treatment was provided, evincing deliberate indifference to Plaintiff's serious medical condition.

(e) On **August 19, 2019**, Plaintiff was seen and it was determined by VCCW Dental Unit that her No. 2 tooth was still fillable.

(f) On **September 12, 2019**, the VCCW dental unit applied "MO resin" to Plaintiff's No. 2 tooth.  No effort was made to fill the tooth at that time.

(g) On **January 2, 2020**, the Defendant dentist C.R. Utley applied Intermediate Restorative Material ("IRM") to Plaintiff's No. 2 tooth, which failed and fell out the following day.[4]

(h) On **January 9, 2020**, Plaintiff complained to Defendant Jones that the January 2, 2020, temporary filling had fallen out and that she had a painful hole in her No. 2 tooth, requesting, "Please help me."  On January

(i)   14, 2020, rather than give a substantive or meaningly response, Defendant Jones responded, on information and belief, falsely, "you are on the schedule,"[5] evincing deliberate indifference to Plaintiff's serious medical condition.

(i)   On **January 13, 2020**, Plaintiff again complained to Defendant Jones that the IRM of 11 days earlier had fallen out and that there was a hole in her mouth and begged, "Please help me." Later that day, Defendant Jones responded "you were seen and given medication,"[6] evincing deliberate indifference to Plaintiff's serious medical condition.

(j)   On **January 16, 2020**, VCCW again applied "MO Resin" to Plaintiff's No. 2 tooth but failed to fill the tooth. No further treatment (as opposed to examination) was provided until February 4, 2021, over a year later, during most of which time Plaintiff repeatedly reported severe pain and begged for treatment.

(k)   On **March 16, 2020**, Plaintiff notified the Defendant Utley, DDS, that the January 2, 2020 filling had fallen out after one day, and that she was scared she would lose the tooth due to neglect and deliberate indifference. Seven days later, on March 23, 2020, Defendant Utley responded, on information and belief, falsely , "you will be scheduled to get it refilled," [7] evincing deliberate indifference to Plaintiff's serious medical condition. The tooth continued to progressively decay, becoming "hopeless[ly] decayed before it was eventually extracted" over ten months later. *Infra*, para. 7(s).

(l)   On **July 18, 2020**, Plaintiff notified Defendant Jones that her No. 2 tooth was chipped and falling apart and "there is now a hole in my tooth and it is causing me pain. Please help before it gets worse." Nine days later, on July 27, 2020, Defendant Jones, responded that Plaintiff "had been placed on the schedule" and had an upcoming appointment on July 28, 2020,[8] which appointment did occur but at which no treatment was provided, evincing deliberate indifference to Plaintiff's serious medical condition.

(m)   On **September 14, 2020**, Plaintiff complained to Defendant Dental Assistant R. Sobrito that her No. 2 tooth filling had fallen out for the second time, that her oral health was being neglected, that VCCW dental personnel had been claiming for seven months that she was scheduled for a filling, that she was in extreme pain, that she most likely had an infection, and that she could not eat or chew. She begged, "Help me." Later that day, Defendant Dental Assistant R. Sobrito, responded "you were seen and treated,"[9] presumably referring to the July 28, 2020

6

appointment at which no treatment had been provided, evincing deliberate indifference to Plaintiff's serious medical condition.

(n) On **September 27, 2020**, Plaintiff complained to Defendant Jones that she had submitted an Emergency Grievance about the No. 2 tooth two weeks prior and had been told "she would have an appointment real soon," but no appointment had occurred. Plaintiff also begged, "Please help me." Two days later, Defendant Jones, responded, on information and belief, falsely , "you are on the schedule,"[10] evincing deliberate indifference to Plaintiff's serious medical condition.

(o) On **October 28, 2020**, Plaintiff submitted another Emergency Grievance stating that her No. 2 tooth hurt "so bad" when she ate or drank, and that there was "a huge hole" in the tooth where the temporary filling had completely fallen out. Later that day, Defendant Jones responded, "You were seen,"[11] evincing deliberate indifference to Plaintiff's serious medical condition.

(p) On **January 24, 2021**, Plaintiff filed an "Emergency Grievance" stating "I am in extreme pain. My No. 2 tooth. Nothing is helping. *I have been begging for help for a year now*. * * * [N]o meds are helping the pain. It hurts to drink water."[12] (Emphasis added.) Defendant Nurse Ford responded, "Your grievance does not meet the definition of an emergency," evincing deliberate indifference to Plaintiff's serious medical condition.

(q) On **January 25, 2021**, Plaintiff filed another "Emergency Grievance" that, "My No. 2 tooth hurts. It is infected." Later that date, Defendant Jones responded, "Your grievance does not meet the definition of an emergency," and "You have been prescribed medications," even though the prior day's Emergency Grievance had stated, "no meds are helping the pain."[13] This response evinced deliberate indifference to Plaintiff's serious medical condition.

(r) By **January 26, 2020**, VCCW dental unit had determined that Plaintiff's No. 2 tooth had deteriorated to the point of being "hopeless" because of "gross decay." That gross decay had been allowed to develop because of Defendants' deliberate indifference to repeated requests for a filling that Defendants ignored for a full year.

(s) Two days later, on **January 27, 2021**, Plaintiff filed an "Offender Request" reporting, "I have been on antibiotics for three days now and my No. 2 tooth still hurts so bad, it is hard to eat or drink. My whole head is

7

    pounding with pulsating pain from my tooth. Please help." Defendant Jones responded, "You were seen,"[14] evincing deliberate indifference to Plaintiff's serious medical condition.

(t)    On **January 31, 2021,** Plaintiff filed an Informal Complaint saying "I have begged for treatment on my No. 2 tooth for a whole year to date. Now, and for the pass [sic] few weeks, I have been in extreme pain while my condition has worsen [sic] and tooth has deteriorated and cannot be saved. I need dental help." Defendant Jones responded ten days later saying, "you were seen and treated for this September 12, 2019,[1] January 2, 2020,[2] January 13, 2020,[3] January 16, 2020,[4] October 28, 2020,[5] January 25, 2021,[6] February 3, 2021,[7] and February 4, 2021,"[15] evincing deliberate indifference to Plaintiff's serious medical condition.

(u)    On **February 1, 2021**, Plaintiff filed an Emergency Grievance, stating "I am in extreme pain from my No. 2 tooth. I can't eat or drink anything at any temp. My face is swollen on the tooth side, it hurts from my swollen neck glands to the top of my temple that is pulsating. I fear I have blood poisoning."[16] Between February 1, 2021 and February 4, 2021, VCCW referred Plaintiff to an oral surgeon who on February 4, 2021, extracted her infected, grossly decayed, and "hopeless" No. 2 tooth and prescribed

---

[1] In fact, Plaintiff had been seen on September 12, 2019, and the No. 2 tooth had been temporarily filled but, predictably, fell out 4 ½ months later on December 26, 2019.

[2] In fact, Plaintiff had been seen on January 2, 2020, and a temporary filling had been performed, but, predictably, that filling had fallen out the next day.

[3] In fact, Plaintiff had been examined and X-rayed on January 13, 2020, but had received no treatment other than Tylenol.

[4] In fact, Plaintiff had been seen on January 16, 2020, and given a temporary filling, which had also fallen out.

[5] In fact, Plaintiff had complained of extreme pain on October 28, 2020, but no treatment had been provided and her complaint had been responded to with a statement that she had been seen and evaluated and no emergency existed.

[6] In fact, on January 25, 2021, Plaintiff was seen and given a prescription for Clindamycin (which proved ineffective) but was not otherwise "treated."

[7] In fact, on February 3, 2021, Plaintiff was seen and given permission to take Tylenol but was not otherwise "treated."

       Penicillin.

(v)      Plaintiff filed an Emergency Grievance on **February 4, 2021** late in the afternoon after her No. 2 tooth had been extracted stating that she had been told by the oral surgeon that the Clindamycin had been discontinued and substituted with a prescription for Penicillin four times a day, which was not being provided by VCCW. Defendant Mayer, RN, refused to provide her with the prescribed Penicillin and directed her to continue taking the discontinued Clindamycin.[17]

(w)      On **February 9, 2021**, Plaintiff reported that her mouth was oozing foul-smelling, foul- tasting, infected puss, and that she was in horrific pain and was still being denied prescribed Penicillin. When Plaintiff filed an Emergency Grievance stating as much, Defendant Jones responded "you were seen and treated,"[18] evincing deliberate indifference to Plaintiff's serious medical needs.[19]

(x)      On **February 10, 2021**, Plaintiff filed an Emergency Grievance complaining that she was in pain; had had received "botched" dental service to her extraction site from VCCW dental personnel the day prior, causing a hole in her gum running into her nasal cavity causing discomfort and pressure all the way to her eye; that the condition had existed for days; that she felt like a "guinea pig"; and that something had gone "horrifically wrong." Plaintiff begged again, "Help me." Later that day, Defendant Jones responded that the Emergency Grievance did not meet the definition of an emergency and that she had been "seen and treated," evincing deliberate indifference to Plaintiff's serious medical need. [20]

(y)      On **February 11, 2021**, Plaintiff filed an Emergency Grievance reporting that food and liquid were traveling through the hole in her gum at the extraction site into her nasal/sinus cavity; and that she continued to be in pain. Defendant Jones responded that her grievance did not constitute an emergency, and that she had been placed on the oral surgeon's schedule,[21] evincing deliberate indifference to Plaintiff's serious medical needs.

(z)      On **February 16, 2021,** Defendant Crump received a statement from Plaintiff again reiterating that she was being denied her Penicillin prescription and stating that "VCC Dental has not followed those orders." Instead of taking any action in response to this time-critical complaint, Defendant Crump responded to Plaintiff that her complaint "has been reported to appropriate department for a response" and advised that if she had "not received a response within 15 calendar days," she could use

9

Defendant Crump's written response as evidence of her attempt to utilize the informal procedure.[22]

8. At all times recited herein, all defendants had a duty to provide Plaintiff with dental care for serious medical needs. A dental cavity is a serious medical need, *Formica v. Aylor,* 739 Fed. Appx. 745 (4th Cir. 2018). The only dental care needed was a routine permanent filling in her No. 2 tooth until the delays of over a year in providing care eventually allowed the tooth to disintegrate and cause an infection and abscess, a hole in her gum allowing food and liquid to pass from her mouth to her nose. All defendants had actual knowledge of that need. All defendants acted with deliberate indifference to that need. That protracted indifference to basic dental care proximately caused Plaintiff over a year of severe pain and mental distress, eventually rendering the tooth unsalvageable, necessitating an otherwise unnecessary extraction and other horrendous complications.

9. The confinement at VCCW under such conditions subjected Plaintiff to constituted cruel and unusual punishment, a denial of federal rights under Eighth and Fourteenth Amendments under color of state law, actionable under 42 U.S.C. § 1983 and actuated by deliberate and callous indifference to Plaintiff's serious medical need.

### COUNT I:

### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

10. Plaintiff incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

11. At all times relevant to the allegations in this Complaint, the defendants acted under color of state law.

12. The Fourteenth and Eighth Amendments to the U.S. Constitution provide persons

in state prisons constitutionally protected rights to receive appropriate dental care which is the product of actual professional judgment.

13. Defendants deliberately disregarded Plaintiff's need for a filling in her No. 2 tooth, causing that tooth to deteriorate, disintegrate, become infected, cause an abscess and have to be extracted with complications.

14. The defendants engaged in deliberate indifference to Plaintiff's health, safety and ongoing pain, thereby causing Plaintiff serious harm.

15. Defendants refusal to provide a permanent filling for her No. 2 tooth substantially departed from the accepted standards of the dental profession, such that no professional judgment was actually brought to bear in denying care, and such "treatment" as was accorded was no more than a series of intermittent empty gestures of no clinical consequences, save to guarantee an eventual bad outcome.

16. Defendants were informed on dozens of occasions that Plaintiff was in serious pain and needed her No. 2 tooth filled. Defendants had actual or constructive knowledge of that need and consistently ignored it.

17. The defendants' conduct violated clearly established statutory and constitutional rights of which any reasonable prison official would have known.

18. The defendants' aforesaid actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Plaintiff's rights, by reason of which Plaintiff is entitled to recover punitive damages.

19. The defendants' violations of the Eighth and Fourteenth Amendments to the U.S. Constitution establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory and punitive damages, attorney's fees and costs.

WHEREFORE, Plaintiff moves the Court to enter judgment in her favor and against defendants Jones, R. Sobrito, C.R. Utley, DDS, Baker, DDS, Mayer, RN, Ford, RN, and C.

Crump in their individual capacities, jointly and severally, in an amount to be determined by the Court for compensatory and punitive damages, together with interest from January 1, 2019, as well as costs incurred and reasonable attorneys' fees.

JENNIFER GRISSOM

By: /s/ Jeremiah A. Denton III
      Of Counsel

Jeremiah A. Denton III, Esq., VSB #19191
Christopher W. Palermo-Re, Esq., VSB #96255
Jeremiah A. Denton III, P.C.
3300 South Building, Suite 208
397 Little Neck Road
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
chris@jeremiahdenton.com