IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JENNIFER GRISSOM, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:22-cv-291–HEH
)
DENTAL ASSISTANT JONES, )
in her individual capacity, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
**(Denying Defendant's Motion to Dismiss and Dismissing Alternative Motion for Summary Judgment)**

This matter is before the Court on Defendant Jacqueline Mayer's ("Defendant" or "Nurse Mayer") Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 47) pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure filed on September 1, 2022. Defendant asks the Court to dismiss Plaintiff Jennifer Grissom's ("Plaintiff") claims against Defendant personally. (Def.'s Mem. in Supp. at 1, ECF No. 48.) Plaintiff's Complaint, which included multiple defendants, was filed on April 25, 2022. (Compl., ECF No. 1.) The Complaint alleges a single count of deliberate indifference to serious medical needs brought under 42 U.S.C. § 1983 regarding the dental treatment Plaintiff received while incarcerated. (*Id.*)

First, Defendant seeks to dismiss Plaintiff's claim against her because Defendant contends that Plaintiff failed to allege facts sufficiently demonstrating Defendant was

deliberately indifferent to the medical care necessary to treat Plaintiff's No. 2 tooth.[1] (Def.'s Mem. in Supp. at 4.) Second, Defendant asserts that Plaintiff's disagreement with Defendant's course of treatment does not constitute deliberate indifference. (*Id.*) Finally, Defendant argues she did not have authority to deviate from the prescriptions listed in Plaintiff's file when assessing Plaintiff's Emergency Grievance, which precludes a finding that her refusal to provide Penicillin constitutes deliberate indifference. (Def.'s Mem. in Supp. at 6–8.)

The parties have submitted memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). At this stage of the proceedings, Defendant's alternative Motion for Summary Judgment will be dismissed with leave to refile at a later date. Adequate discovery has not been conducted by the parties and consideration of Defendant's Motion for Summary Judgment is premature at this time. For the reasons that follow, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) will be denied.

## I. BACKGROUND

Viewed in the light most favorable to Plaintiff and taking all allegations in the Complaint as true, the facts are construed as follows for the purpose of resolving the

---

[1] Because the Complaint, as well as the parties, refer to Plaintiff's tooth only as "No. 2 tooth," the Court will also use the same term for consistency, though it is not apparent to the Court that there is a specific reason for using that precise term.

Motion to Dismiss. Plaintiff's allegations occurred while she was an involuntarily committed prisoner at Virginia Correctional Center for Women ("VCCW") in Goochland, Virginia. (Compl. at ¶ 3.) During the alleged incidents, Nurse Mayer was employed by VCCW as a Registered Nurse. (*Id.* at ¶ 5(e).)

Beginning in January 2019, Plaintiff alleges she requested dental treatment for pain caused by a cavity in her No. 2 tooth. (*Id.* at ¶ 7(a).) According to Plaintiff, this treatment was initially delayed for nine months, and the cavity in her No. 2 tooth was never permanently filled, causing severe pain, fracture, disintegration, and the development of an abscess and an infection. (*Id.* at ¶¶ 4, 7.) This caused Plaintiff to subsequently receive numerous treatments to her tooth as well as eventually being prescribed antibiotics and Tylenol to help with pain. (*Id.* at ¶¶ 7(a)–(l).) Throughout 2020 and 2021, Plaintiff filed several Emergency Grievances regarding her No. 2 tooth complaining of "extreme" pain, worsening infection, swelling, and challenges with eating and drinking. (*Id.* at ¶¶ 7(t)–(u).) Plaintiff was specifically prescribed the antibiotic Clindamycin to help treat the infection in her tooth, however, she alleges this antibiotic was ineffective. (*Id.* at ¶ 7(t).) Between February 1, 2021, and February 4, 2021, VCCW referred Plaintiff to an oral surgeon who extracted her infected tooth and allegedly prescribed her Penicillin. (*Id.* at ¶ 7(u).)

On February 4, 2021, the same day her No. 2 tooth was extracted, Plaintiff submitted an Emergency Grievance late in the afternoon following the extraction. (*Id.* at ¶ 7(v).) In her grievance, she stated that "she had been told by the oral surgeon that the Clindamycin had been discontinued and substituted with a prescription for Penicillin four

times a day. . . ." (*Id.* at ¶ 7(v).) Nurse Mayer, the nurse on duty, received Plaintiff's grievance. (*Id.*) Plaintiff contends that Nurse Mayer refused to provide her with the prescribed Penicillin and instead directed her to continue taking the Clindamycin. (*Id.*) On February 9, 2021, Plaintiff reported in an Emergency Grievance that her mouth was "oozing foul-smelling, foul-tasting, infected puss, and that she was in horrific pain and was still being denied prescribed Penicillin." (*Id.* at ¶ 7(w).)

On April 25, 2022, Plaintiff filed this suit against Nurse Mayer as well as other named defendants alleging the defendants were deliberately indifferent to a serious medical need regarding the course of treatment Plaintiff received for her No. 2 tooth in violation of the Eighth Amendment. (*Id.* at ¶¶ 10–19.)

## II. STANDARD OF REVIEW

Defendant's Motion to Dismiss is based on Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss at 1.) A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). However, a court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Although a motion to dismiss tests the sufficiency of a complaint, courts may consider documents that are either "explicitly incorporated into the complaint by reference" or "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted). A court may consider a document not attached to the complaint, when "the document [is] integral to the complaint and there is no dispute about the document's authenticity." *Id.* at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, . . . the exhibit prevails." *Id.* (alteration in original) (quoting *Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Nurse Mayer first argues that Plaintiff failed to allege facts that sufficiently demonstrate Nurse Mayer was deliberately indifferent to her medical care. (Def.'s Mem. in Supp. at 4.) To establish an Eighth Amendment claim for medical care, a plaintiff

5

must allege facts sufficient to show that prison officials were deliberately indifferent to a plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 405 (1976). There are two components to proving a defendant's deliberate indifference. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The first component requires an objectively serious medical need that has been diagnosed by a physician as requiring treatment or "one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The second subjective component requires a showing "that the defendant acted with deliberate indifference" to that medical need. *Heyer v. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Lightsey*, 775 F.3d at 178 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A prison official's failure to respond to an inmate's known medical needs raises an inference of deliberate indifference to those needs." *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (internal quotations omitted).

Plaintiff has established that her No. 2 tooth constituted an objectively serious medical need. As the United States Courts of Appeals for the Fourth Circuit explained in *Formica v. Aylor*, and other courts of appeals have recognized, a "'tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction,' and 'presents a serious medical need.'" 739 F. App'x 745, 756 (4th Cir. 2018) (quoting *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000)). "Furthermore, an

6

abscessed tooth 'is not a simple toothache. It is a bacterial infection of the root of the tooth, and it can spread to the adjacent gum and beyond—way beyond. It is often painful and can be dangerous.'" *Formica*, 739 F. App'x at 756 (quoting *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015)). According to the Complaint, the condition of Plaintiff's No. 2 tooth deteriorated to the point of developing an abscess and infection, which ultimately required an oral surgeon to extract the tooth itself and prescribe antibiotics to fight the infection. (Compl. at ¶ 7(u).) As alleged, Plaintiff has clearly established that the condition of her tooth qualifies as an objectively serious medical need.

The Court also finds that Plaintiff has pled enough facts to establish that Nurse Mayer was subjectively aware of Plaintiff's medical needs and deliberately indifferent to them. Plaintiff asserts that she stated in her Emergency Grievance that she was prescribed Penicillin as a substitute for Clindamycin by the oral surgeon, and Nurse Mayer refused to provide her with Penicillin for her infection after reviewing her grievance. (Compl. at ¶ 7(v).) "The necessary showing of deliberate indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including . . . intentionally interfering with prescribed medical care." *Formica*, 739 Fed. App'x at 754 (quoting *Estelle*, 429 U.S. at 104–05). For the purposes of Defendant's Motion to Dismiss, the Court does not resolve the factual dispute of whether the prescription for Penicillin was in fact in Plaintiff's file. Instead, assessing the facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff has alleged enough facts to establish that Nurse Mayer was subjectively aware that Plaintiff was prescribed

7

Penicillin, and Nurse Mayer refusing to provide Plaintiff with Penicillin can constitute deliberate indifference to a serious medical need.

In addition, Defendant argues that even if the Court finds her behavior deliberately indifferent, constitutional violations will not be found where there is a single instance of violative behavior. (Def.'s Mem. in Supp. at 6.) Defendant cites several Fourth Circuit cases as authority for this proposition. (*Id.* at 5–6; *see Buie v. Jones*, 717 F.2d 925 (4th Cir. 1983); *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994); *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984). However, the Court is not persuaded by the sources cited by Defendant.

In *Buie*, although the Fourth Circuit held that "a few isolated instances" of mail mishandling by prison officials were "not of constitutional magnitude," the type of claim and relief sought were different than what Plaintiff seeks here. 717 F.2d at 926. The mail mishandling claim was brought against the defendants on a theory of supervisory liability, where the plaintiff sought damages and injunctive relief against the sheriff, the deputy sheriff, and the chief jailor for the unauthorized conduct of subordinates. *Id.* Similarly, the plaintiffs in *Shaw* and *Slakan* also sought relief as to some of their claims on a theory of supervisory liability. *See Shaw*, 13 F.3d at 797–99 (bringing a § 1983 claim for harm caused by failure to supervise); *Slakan*, 737 F.2d at 372 (bringing claim against three high ranking prison supervisory officials). This supervisory theory of liability holds supervisors accountable for the "supervisory indifference or tacit authorization" of subordinates' misconduct that leads to constitutional injury. *Slakan*, 737 F.2d at 372. This requires the plaintiff to show that the defendant was put on notice because "the conduct is widespread, or at least has been used on several different

8

occasions." *Shaw*, 13 F.3d at 799. Here, Plaintiff seeks to hold Nurse Mayer liable for harm caused by her direct conduct, not the conduct of her subordinates. Thus, this line of case authority is not relevant to the issue at hand because no pattern of misconduct is required.

Second, Nurse Mayer argues that Plaintiff's disagreement with her instruction to continue with Clindamycin does not constitute deliberate indifference. (Def.'s Mem. in Supp. at 6.) Although it is clear that "a prisoner does not enjoy a constitutional right to the treatment of his or her choice . . .," framing Plaintiff's claim as a disagreement with Nurse Mayer regarding her preference for treatment is a mischaracterization. *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). Plaintiff is not alleging that she simply disagreed with Nurse Mayer's instruction and preferred Penicillin over Clindamycin. Instead, Plaintiff is alleging that she was in fact prescribed Penicillin as a substitute for Clindamycin by the oral surgeon, and Nurse Mayer's refusal to provide her with her appropriate prescription amounted to deliberate indifference to a serious medical need. (Compl. at ¶ 7(v); *see Estelle*, 429 U.S. at 104–05.) Thus, Plaintiff does not allege a disagreement regarding the preference of her treatment. Rather, Nurse Mayer intentionally interfered with prescribed treatment, which can constitute deliberate indifference.

Lastly, Defendant asserts that because Nurse Mayer is not permitted to deviate from prescriptions listed in a prisoner's medical file, her lack of authority precludes a finding of deliberate indifference. (Def.'s Mem. in Supp. at 8.) At this stage, the Court will not determine the merits of this line of argument because doing so requires the Court

9

to resolve the factual dispute of whether there was a prescription in Plaintiff's file on February 4, 2021. Under the Rule 12(b)(6) standard, courts do not resolve factual disputes in assessing a defendant's Motion to Dismiss and must assess only whether the plaintiff has alleged facts sufficient to establish her claim. According to the Complaint, Plaintiff alleges that there was a prescription on file at the time of her Emergency Grievance on February 4, 2021. (Compl. at ¶ 7(v).) As such, the Court will draw that inference in the light most favorable to Plaintiff and only assess whether Nurse Mayer had the authority to provide Plaintiff with Penicillin in accordance with her prescription. The Court finds that deliberate indifference is not precluded because Plaintiff alleges that she was prescribed Penicillin, which Nurse Mayer had the authority to provide to Plaintiff but refused to do so.

## IV. CONCLUSION

The Court finds that Plaintiff alleged enough facts to survive Defendant's Motion to Dismiss. Consequently, Defendant's Motion to Dismiss (ECF No. 47) will be denied. Additionally, given the lack of opportunity for the parties to engage in discovery, the Court finds that Defendant's Motion for Summary Judgment in the alternative is premature. Therefore, the Court will dismiss Defendant's alternative Motion for Summary Judgment with leave to refile at a later date after discovery is conducted.

An appropriate Order will accompany this Memorandum Opinion.

                                                                                     /s/  
                                                  Henry E. Hudson  
                                                  Senior United States District Judge

Date: Sept. 27, 2022  
Richmond, Virginia